UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RUSSELL MALONEY,

     Petitioner,

v.                                      Case No. 3:18cv836-LC-HTC

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,

     Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner, Russell Maloney, proceeding *pro se*, filed a petition under 28 U.S.C. § 2254 raising eight (8) grounds of ineffective assistance of trial counsel and challenging his 2013 conviction for sexual battery on a victim twelve years or older but less than eighteen years of age while in position of familial or custody authority over the victim. ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After considering the petition, the State's response (ECF Doc. 14), and Maloney's reply (ECF Doc. 23), the undersigned recommends the petition be DENIED without an evidentiary hearing.

## I.    BACKGROUND

Maloney was charged on May 14, 2012 with three counts of sexual battery while in a position of familial or custodial authority in violation of Florida Statutes

Section 794.011(8)(b).  ECF Doc. 14-1 at 24.  On September 11, 2013, a jury acquitted Maloney of count 1 and found him guilty of count 2 (lewd and lascivious battery).[1]  *Id.* at 91.  The State dismissed count 3 prior to trial.  On October 25, 2013, Maloney was sentenced on count 2 to twenty-five years' imprisonment.[2]  *Id.* at 167. The evidence at trial is summarized below.

The victim, A.R.B., was Maloney's fourteen-year-old biological daughter. The victim testified at trial that the first sexual encounter with Maloney occurred when he came hoe intoxicated on a night that her step-mother, Molly, was at work. ECF Doc. 14-2 at 196-203.  She testified that a second encounter occurred in the garage while her step-mother was at work.  *Id.* at 207-208.  During that incident, Maloney touched her buttocks, breast, and vagina and had sex with her.  *Id.* at 208-210.  A.R.B. eventually confided in her church youth group leaders and pastor that her father had sexually abused her on three occasions.  ECF Doc. 14-2 at 193-94; ECF Doc. 14-1 at 10.  The pastor reported the matter to the police.  ECF Doc. 14-2 at 215.

Detective Sergeant Scott Jones was assigned the case, interviewed A.R.B., and also interviewed Maloney.  Detective Jones' recorded interview with Maloney, during which Maloney admitted to two instances of vaginal intercourse with his daughter, were played for the jury.  *Id.* at 279-331.

---

[1] The transcript of the trial begins at ECF Doc. 14-2 at 175.
[2] The transcript of the sentencing begins at ECF Doc. 14-2 at 442.

Maloney filed the instant federal petition on April 17, 2018. The Respondent does not dispute that the motion is timely filed, and the undersigned agrees. Namely, under the Anti-Terrorism and Death Penalty Act ("AEDPA"), a § 2254 petition must be filed within one year of the date the judgment becomes final, 28 U.S.C. § 2255(f)(1),[3] excluding any time which may be tolled by a pending and properly filed post-conviction motion. Although Maloney's judgment became final on January 16, 2016 (90 days after the First DCA's opinion affirming and remanding the judgment)[4], his AEDPA clock was tolled by his post-conviction motions, which were not fully resolved until after he filed the instant petition. Thus, the petition is timely.

## II.    LEGAL STANDARD

### A.    Federal Review of State Court Decision

Under the standard of review for a § 2254 motion, this Court should not grant habeas relief unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

---

[3] Although there are other trigger dates as well, none are applicable here. *See* 28 U.S.C. § 2255(f)(2)-(4).

[4] The 90–day period begins to run from the date of entry of judgment affirming and not the issuance of the mandate. *Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1274–75 (11th Cir.2006) (quoting U.S. Sup. Ct. R. 13(3) ("[t]he time to file a petition for ... writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate . . . .")).

The United States Supreme Court set forth the framework for a § 2254 review in *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). Under the *Williams* framework, a federal court must first determine the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision." *See Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). The law is "clearly established" only when a Supreme Court holding at the time of the state court decision embodies the legal principle at issue. *See Thaler v. Haynes*, 559 U.S. 43, 47 (2010).

Once the governing legal principle is identified, the federal court must determine whether the state court's adjudication is "contrary to" the identified governing legal principle or the state court "unreasonably applie[d] that principle to the facts of the . . . case." *See Williams*, 529 U.S. at 412-13 (O'Connor, J., concurring). Even if a federal court concludes the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *See Maharaj v. Sec'y Dep't of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005).

**B.    Legal Standard for Ineffective Assistance of Counsel**

Maloney's petition is based solely on claims of ineffective assistance of trial ("IATC"). To prevail on these claims, Maloney must satisfy the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 688 (1984), requiring that he show both deficient performance (counsel's representation fell below an objective

standard of reasonableness) and prejudice (there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different).

Counsel's performance is deficient only if counsel's "identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690. The deficient performance prejudiced the defendant only if the reasonable probability of a different result rises to a level that is "sufficient to undermine confidence in the outcome." *Id.* at 694. To prevail on a claim of ineffective assistance of counsel, both parts of the *Strickland* test must be satisfied. *Bester v. Warden, Att'y Gen. of the State of Ala.*, 836 F.3d 1331, 1337 (11th Cir. 2016) (citing *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000)). However, a court need only address one prong, and if it is found unsatisfied, the analysis ends. *Id.*

## III. DISCUSSION

As stated above, Maloney raises eight (8) grounds of IATC. Each of these grounds was raised by Maloney in a state 3.850 motion, which was denied by the circuit court. Because the First DCA issued a *per curiam* affirmance without a written explanation of the denial of Maloney's Rule 3.850 Motion, ECF Doc. 14-11, as to each of the grounds raised here, this Court will "look through" the First DCA's decision to the last related state-court decision that provides a relevant rationale and presume that the unexplained decision adopted the same reasoning. *See Wilson v.*

*Sellers*, 138 S. Ct. 1188, 1192 (2018).   For the reasons discussed below, the undersigned finds that none of the grounds asserted entitle Maloney to relief.

**A.    Ground One: IATC For Failing To Argue As A Ground For Suppression of Maloney's Interview With Jones That He Was Not Given His Miranda Rights**

After Detective Jones interviewed the victim, on April 30, 2012, he contacted Maloney and asked him if he would be willing to come to the sheriff's office to speak with him about it.   ECF Doc. 14-2. at 273-75.   Maloney agreed.   Once at the office, Jones informed him that he was not in custody and was free to leave.   *Id.* at 280.   Maloney agreed to be interviewed without counsel by Jones.   Maloney was not given his *Miranda* rights.   As stated above, during that interview Maloney admitted to having sex with the victim on two (2) occasions.

Prior to trial, the defense filed a motion to suppress Maloney's statements to Detective Jones.   ECF Doc. 14-8 at 191.   A hearing was held on July 5, 2013,[5] at the end of which the circuit court denied the motion.   *Id.* at 219.   In that motion, Maloney argued only that Jones implicitly made an offer of leniency to Maloney when he told Maloney "You can tell us the truth and get some help so this won't happen again," after which Maloney admitted to having had intercourse with his daughter.   The motion characterized this exchange as "an implicit, implied suggestion of leniency . . ." and argued that the statement "so this won't happen again" as suggesting to

---

[5] The transcript of the motion to suppress hearing begins at ECF Doc. 14-8 at 199.

Maloney that he would be at liberty.  The implied promises rendered the statement involuntary, the motion argued.

Maloney argues in the instant petition that counsel was ineffective for failing to include in the motion to suppress the argument that Maloney's interview should have been suppressed because he was in custody during the interview and was not given his *Miranda* rights.

In denying this ground for relief, the circuit court applied the two-part test from *Strickland* and held that Maloney had failed to show that trial counsel's performance was deficient or that he was prejudiced as a result of the alleged deficiency.  Namely, the court found that based on the evidence in the record, including Detective's Jones' testimony, that Maloney was not in custody and thus a *Miranda* warning was not necessary.  Thus, counsel could not have been deficient in failing to make raise this argument as any such motion would not have been successful.

In the court's order, the court noted the following evidence:  (1) Jones testified that he told Maloney he was not in custody, was free to leave at any time, and not required to speak to police; (2) Jones testified the door was not locked and Maloney's movement was not impeded in any way; (3) the recorded statement included the following exchange from Jones to Maloney, "Do you understand you are not in custody, and you understand that you are free to leave at any time?" Maloney responded, "Right, can I ask you to tell me what this is about?"  *Id.* at 4.  The

undersigned finds that the circuit court's denial of relief on this ground is consistent with *Strickland* and is not an unreasonable determination of the facts.

*Miranda v. Arizona*, 384 U.S. 436 (1966), holds that "the prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." *Miranda*, 384 U.S. at 444. Before any custodial questioning, the defendant must be informed that he has the right to remain silent, his statement can be used as evidence against him, and he has the right to have a retained or appointed attorney present. *Miranda*, 384 U.S. at 444–45. Pre-custodial questioning, in contrast, does not require *Miranda* warnings. *United States v. Street,* 472 F.3d 1298, 1309 (11th Cir.2006).

"Custodial interrogation" means "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Miranda*, 384 U.S. at 444. "The 'initial step' in determining whether a person was 'in custody' under *Miranda* 'is to ascertain whether, in light of the objective circumstances of the interrogation' and the totality of all the circumstances, 'a reasonable person would have felt that he or she was not at liberty to terminate the interrogation and leave.'" *United States v. Maldonado*, 562 F. App'x 859, 860 (11th Cir. 2014) (quoting *Howes v. Fields,* 132 S.Ct. 1181, 1189 (2012) (alterations and internal quotation marks omitted). However, an interviewee's "status as a suspect, and the coercive environment that

exists in virtually every interview by a police officer of a crime suspect," does not automatically create a custodial situation. *United States v. Muegge,* 225 F.3d 1267, 1270 (11th Cir.2000) (internal quotation marks omitted).

As the state court noted, although the interview occurred in the sheriff's office, Maloney drove himself there, the door to the interrogation room was not locked, and Maloney was clearly told that he was not in custody and was "free to leave" at any time. ECF Doc. 14-2 at 4. Furthermore, his movements were not impeded.

Nonetheless, Maloney argues his confession was involuntary and points to the following additional statements he claims were made by Jones. First, Maloney argues that when he arrived, Jones told Maloney "***After*** you answer these questions and explain to me what happened with you and your daughter ***you will be free to go***" (emphasis supplied). ECF Doc. 1 at 3. Maloney argues the statement "led [him] to believe that in order for him to leave he would be required to answer Det. Jones questions and explain what was going on with this daughter." *Id.*

The statement referenced by Maloney does not appear in the transcript of the interview, and the detective answered negatively to the following question at trial: "Other than the brief introduction or the introduction when he first got there, did you ask him any question outside of the interview room? . . . Nothing that isn't recorded?" ECF Doc. 14-2 at 277. Also, even if Maloney is claiming that the statement by the detective was made during the brief introduction, any coercive effect of that

statement would have been undone by the subsequent clear, direct statement at the beginning of the tape that Maloney was free to leave and not in custody.

Second, Maloney argues that during the interrogation, Detective Jones stated "you know if you're going to give me your word that when a warrant is issued you're going to turn yourself in *I'll let you walk out of here*." *Id.* at 4 (emphasis supplied). This statement, according to Maloney, "reinforced [his] believe that he was in Det. Jones official 'custody'". *Id.* This statement, however, was made *after* Maloney admitted improper sexual contact with the victim. Jones made this statement as part of an explanation to Maloney of why he should turn himself in after a warrant is issued and the circumstances under which Jones would let Maloney leave now that he has confessed to unlawful conduct. ECF Doc. 14-2 at 330. In other words, the detective –after hearing the confession – was debating whether to take Maloney into custody based on the confession.

Thus, the undersigned agrees with the circuit court that counsel was not ineffective for failing to raise the lack of a *Miranda* warning as a basis for suppressing Maloney's recorded statements. Such a motion would not have been successful. *See Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001) (counsel is not ineffective for failing to raise a non-meritorious objection). Similarly, because

any motion to suppress based on this argument would have been futile, Maloney cannot show that he was prejudiced, as required by *Strickland*.

### B.    Ground Two: IATC For Failing To File A Notice Of Expiration Of Speedy Trial

Maloney argues that counsel effectively waived Maloney's speedy trial rights by failing to file a timely "Notice" of the expiration of the speedy trial time limit. He claims this prejudiced him by allowing two key defense witnesses to relocate during the time it took for the case to come to trial and allowed the State additional time to build its case—"a case that was based on a teenager's recollection of events that had occurred well over a year prior to trial."  ECF Doc. 1 at 6.

The circuit court denied relief on this ground because Maloney failed to allege facts to show that the State could not have brought him to trial within fifteen days of the filing of a notice of expiration of time for speedy trial.  *See* Fla. R. Crim. P. 3.191. Without making such a showing, Maloney cannot establish that his counsel's conduct, even if deficient, was prejudicial.

In his petition, Maloney argues that he does not have to show that the State was ready to proceed to trial to meet his burden of showing prejudice under *Strickland*, and further that the circuit court's reliance on the State's representation that it was ready to go to trial at the suppression hearing, which took place 175 days after the speedy trial time had run was erroneous.  ECF Doc. 1 at 6.  Maloney's argument is misplaced.

Maloney, not the State, bears the burden of proving that counsel's failure to file the notice prejudiced him under *Strickland*. *Gilreath v. Head*, 234 F.3d 547, 551 (11th Cir. 2000) ("Petitioner has the burden of proving that Petitioner was prejudiced by trial counsel's performance.") (citing *Smith v. Robbins,* 528 U.S. 259 (2000)).  To establish prejudice for a failure to file a notice of speedy trial expiration a defendant must show either that the State could not have brought the movant to trial within the recapture window provided in rule 3.191(p)(3), or that the quality of the State's case within the recapture window would have been diminished so severely that there is a reasonable probability that the movant would have been acquitted or convicted of a lesser crime if the State had been forced to proceed.  *See Dexter v. State*, 837 So.2d 595, 596 (Fla. 2d DCA 2003) (holding that "in order to show prejudice from counsel's failure to give notice that the speedy trial period has expired, a defendant would have to allege that the State could not have brought him to trial within the recapture period"); *see Remak v. State*, 142 So. 3d 3, 5 (Fla. 2d DCA 2014) (citing *Ryland v. State*, 880 So.2d 816, 817 (Fla. 1st DCA 2004)).

As the circuit court correctly determined, Maloney offered no allegations tending to prove either of these conditions were present.  Therefore, he has not met his burden of showing that his counsel's conduct, even if deficient, was prejudicial. Without such evidence, Maloney cannot show there is a reasonable probability that the outcome of his proceedings would have been different even if counsel had filed a notice.  *See Chandler*, 218 F. 3d at 1312-13.

**C.    Grounds Three And Five: IATC For Failing To Conduct Any Pretrial Investigation Into Two Key Witnesses And IATC For Failing To Impeach A.R.B.'S Testimony With Her Inconsistent Statements Concerning The Two Key Witnesses**

Maloney argues in these two grounds of relief that defense counsel was ineffective for failing to conduct any pretrial investigation into the testimony of Maloney's other daughter, Mackenzie Maloney, and his mother in-law, Virginia, both of whom, he argues, would have provided testimony that would have cast doubt on A.R.B.'s testimony. He also argues that counsel was ineffective for failing to impeach A.R.B.'s testimony with a statement provided by Mackenzie Maloney. ECF Doc. 1 at 10.

Specifically, in his state 3.850 motion, Maloney claimed that "Mackenzie Maloney, who is Defendant's biological daughter, [] would have testified that she never walked in on her father, Mr. Maloney, and the alleged victim, A.R.B., during any sexual battery or any misconduct alleged by victim. Defendant's daughter was living at the location of the alleged sexual battery. Mackenzie Maloney could have been used to impeach the victim's allegations of sexual battery by impeaching A.R.B.'s testimony." ECF Doc. 14-7 at 67. Maloney also claimed, "Virginia, who is Defendant's mother-in-law, would have testified on Defendant's behalf that she also stayed at the house located on Rice Road and was present at the time of the alleged sexual misconduct and that on the night of the alleged episode, the Defendant was not drunk or intoxicated." *Id.* at 67-68.

Maloney argues these additional witness testimonies are pertinent because "the State's entire case consisted of the allegations and testimony of a teenager whom was angry with her father for forbidding her from dating a boy she wished to be with; there was no physical evidence whatsoever linking Mr. Maloney to the alleged misconduct.  The entire case hinged on the jury's belief in the good character and veracity of the allegations and testimony of this angry teenager."  ECF Doc. 1 at 8.

The circuit court denied relief on these claims, finding that calling these witnesses would not have made a difference at the trial when weighed against the testimony of the victim and Maloney's admissions.  ECF Doc. 14-8 at 7.  Because the circuit court addressed these grounds for relief together, the undersigned will do the same.  The undersigned finds that the circuit court's determination was neither contrary to law nor an unreasonable determination of the facts.

As the Eleventh Circuit has explained, "which witnesses, if any, to call, and when to call them, is the epitome of a strategic decision, and it is one that we will seldom, if ever, second guess."  *Evans v. Sec'y, Fla. Dep't of Corr.*, 699 F.3d 1249, 1268 (11th Cir. 2012).  Ineffective assistance of counsel cannot be based on "[t]he mere fact that other witnesses might have been available or that other testimony might have been elicited from those who testified."  *Cape v. Francis*, 741 F.2d 1287, 1301 (11th Cir.1984), *cert. denied*, 474 U.S. 911 (1985); *see also United States v. Long*, 674 F.2d 848, 855 (11th Cir. 1982) ("This Court will not second-guess tactical decisions of counsel in deciding whether to call certain witnesses.").

Here, as the circuit court correctly concluded, the value of Mackenzie and Virginia's testimony in impeaching A.R.B. is limited, first, by the fact that the date of the incident which occurred when Virginia was staying at the home was not established. Thus, she could not have testified that he was or was not drunk at the time of the alleged sexual assaults. Second, even if both were believed, the evidence is merely cumulative of the victim's uncertainty about certain details, which the victim admitted to, and the defense exposed on cross. Thus, the additional testimony from Virginia and Mackenzie would not be reasonably likely to produce a different outcome, particularly given Maloney's admissions.

In other words, given the limited impeachment value of the testimony of Virginia and Mackenzie, and the availability of other evidence to show conflicts in the victim's memory of the events, Maloney cannot show that counsel's performance was deficient. *Strickland*, 466 U.S. at 690 (to show an attorney's choice of strategy is unreasonable, a petitioner must show no competent counsel would have made such a choice). Also, because Maloney has not shown a reasonable probability of a different outcome had these testimonies been introduced, he has not shown that counsel's decision prejudiced him under *Strickland*. *Id.* at 694. Therefore, Maloney is not entitled to habeas relief on this claim.

**D.    Ground Four: IATC For Failing To File A Motion For A Statement Of Particulars**

Maloney claims he repeatedly sought, and asked his attorney for, more specific times and dates as to when the alleged incidents of misconduct were supposed to have taken place in order to present an alibi defense.  Nonetheless, defense counsel did not file a motion for a statement of particulars pursuant to Florida Rule of Criminal Procedure 3.140(n).  Maloney argues that this failure deprived him of his right to effective assistance of counsel and prejudiced him by depriving him of the opportunity to present an alibi defense, along with preserving the issue for appeal.

Applying the deficient performance prong from *Strickland*, the circuit court denied the claim because "[t]he information filed in Defendant's case alleged a date range from November 1, 2011 to January 31, 2012, a span of three months.  The victim testified that the first incident happened before Thanksgiving toward the beginning of the school year.  She testified that the second incident happened around Thanksgiving and that the third incident happened around Christmas.  The police report also indicated a span of three months from November 2011 to January 2012."  ECF Doc. 14-8 at 8.  Thus, the court concluded that counsel was not deficient for failing to file a motion for more particular information as it was unlikely that the State had such information.  The court also determined that Maloney failed to establish prejudice under *Strickland* because "the exact time" is not an element of an

offense and Maloney's admissions negate any suggestion that a true alibi existed. *Id.*

The undersigned finds that Maloney is not entitled to relief on this claim because the circuit court's conclusion was not contrary to, and did not involve an unreasonable application of, clearly established Federal law, as determined by the Supreme Court.  28 U.S.C. § 2254(d).  First, Maloney would not have been entitled to a bill of particulars, and the inability of the State to narrow the date range would not have required dismissal.  *See Bettey v. State*, 244 So. 3d 364, 367 (First DCA 2018) (holding that a State may charge a date range and need not specify exact dates if they are not known); *Dell'Orfano v. State*, 616 So.2d 33 (Fla. 1993) (holding that a 27–month time frame is not per se objectionable in a sexual-battery case).  Counsel is not deficient for failing to raise an argument that would likely be rejected.  *See Chandler*, 240 F.3d at 917 (11th Cir. 2001) (counsel is not ineffective for failing to raise a non-meritorious objection).

Second, because the State did not have any more specific information, Maloney fails to meet the prejudice prong under *Strickland* because even if a motion had been filed it would not have resulted in a different outcome.  Indeed, as the circuit court noted, Maloney's admissions to the wrongful conduct precludes the existence of any valid alibis.

### E.    Grounds Six And Seven: IATC For Failing To Seek A Judgement Of Acquittal Or Move For A New Trial On Count Two.

Maloney argues, in Ground Six, that trial counsel was ineffective for failing to make more than a "boilerplate" motion for judgment of acquittal on Count Two, and, in Ground Seven, that he was ineffective for failing to file a motion for new trial, because the testimony of A.R.B. was insufficient to support Count two.  ECF Doc. 1 at 13-14.  Specifically, he asserts that during A.R.B.'s direct examination, the State asked "how" the Defendant came to have sex with her.  A.R.B. answered: "I don't know."  A.R.B. was then asked "how" she got on the floor where the alleged sex act took place.  A.R.B. answered: "I don't know."  When asked "how" the incident ended A.R.B. answered: "I don't know."  *Id.*  Maloney argues that this testimony "is entirely devoid of details" to the point that "it cannot be said that a crime occurred." *Id.* at 13.

The circuit court denied relief on Ground Six because defense counsel did move for a judgment of acquittal, which was denied.  ECF Doc. 14-8 at 10.  The court denied relief on Ground Seven because Maloney "has not raised any arguments which compel the Court to conclude that a motion for new trial would have had any likelihood of success….The claims raised by Defendant do not demonstrate that the verdict in this case was against the weight of the evidence, nor has he shown facts supporting any of the other grounds for a new trial enumerated in the rule."  ECF Doc. 14-8 at 13.

Maloney cannot show that these conclusions were contrary to, or involved an unreasonable application of, clearly established Federal law because the record shows that he mischaracterizes both the trial court's consideration of the motion for judgment of acquittal and A.R.B.'s testimony.  Under Florida law, judgment of acquittal is only appropriate when the State has not adduced competent substantial evidence to support at least one of the elements of a particular crime. *McDuffie v. State*, 970 So. 2d 312, 332 (Fla. 2007).  Likewise, a motion for new trial based on the verdict being contrary to the weight of the evidence can only be granted if "no reasonable person would take the view adopted by the trial court." *Stephens v. State*, 787 So. 2d 747, 754 (Fla. 2001).  For the reasons which follow, Maloney cannot meet either standard.

First, as the circuit court correctly noted, defense counsel did in fact move for judgment of acquittal at the close of the State's case.  And, even if the defense counsel's motion was boilerplate, the State argued that the victim's testimony regarding the two incidents that Maloney penetrated her, was sufficient to meet the State's burden.  Thus, the court considered the weight of the evidence in denying the motion.  ECF Doc. 14-2 at 336-37.

Second, A.R.B.'s testimony was clearly sufficient to support the elements of the crime of which Maloney was convicted in Count 2, Lewd and Lascivious Battery under Florida Statutes Section 794.011(8)(b).  That section provides that any person who "[e]ngages in any act with that person while the person is 12 years of age or

older but less than 18 years of age which constitutes sexual battery under paragraph (1)(h)" commits a felony of the first degree. "'Sexual battery' means oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object; however, sexual battery does not include an act done for a bona fide medical purpose." Florida Statute § 794.011(1)(h).

A.R.B. testified that Maloney had sex with her around Thanksgiving in the garage, meaning that his penis went into her vagina. ECF Doc. 14-2 at 207-10. Additionally, Maloney admitted he had sex with A.R.B. This evidence is sufficient to establish the elements of the offense. Thus, neither a more specific motion for judgment of acquittal nor a motion for new trial would have had any chance of success. Therefore, the circuit court was not unreasonable in concluding that Maloney had not established that he was prejudiced by his counsel's failure to file such motions. Maloney is thus not entitled to habeas relief on Grounds Six or Seven.

### F.    Ground Eight: IATC For Failing Impeach Detective Jones

Maloney argues that Detective Jones untruthfully testified that Maloney came to the Sheriff's Office alone and that Jones advised Maloney that he did not have to speak with him. Maloney claims that these statements were false and counsel should have used their falsity to impeach Jones's testimony. Specifically, Maloney claims (1) the interrogation room interview shows that Jones never advised Maloney that he did not have to speak with him, and (2) DCF Agent Jackie Henry testified that

she was talking with Maloney's wife, Molly Maloney, at the Sheriff's Office while Maloney was being interrogated, implying that Molly was with Maloney at the Sheriff's Office and so he did not come alone as Jones had stated.

The circuit court applied *Strickland* and denied relief on this claim because a witness may only be impeached with his or her own prior inconsistent statements and not the deposition testimony of another witness. Additionally, the court found a lack of prejudice as the issue of whether Maloney was at the Sheriff's Office alone was a collateral issue that had no bearing on whether Maloney was guilty of the offense, particularly when considered along with the victim's testimony and Maloney's admissions. ECF Doc. 14-8 at 14.

This conclusion was not contrary to, and did not involve an unreasonable application of, clearly established Federal law, as determined by the Supreme Court. 28 U.S.C. § 2254(d). "The decision as to whether to cross-examine a witness is a tactical one well within the discretion of a defense attorney." *Fugate v. Head*, 261 F.3d 1206, 1219 (11th Cir. 2001). "[C]ourts do not evaluate counsel's performance through the distorting lens of hindsight but from the reasonableness of the decision at the time." *Portieles v. Inch*, 2020 WL 5881274, at *18 (S.D. Fla. July 9, 2020), *report and recommendation adopted,* 2020 WL 5879337 (S.D. Fla. Oct. 2, 2020)

(citing *Strickland*, 466 U.S. at 689). Under these standards, Maloney has not shown that his counsel's performance was deficient or that he was prejudiced thereby.

First, any attempt to impeach the witness with the prior testimony of Molly Maloney would likely have failed, as it would be improper impeachment under Florida law, as explained above by the circuit court. Second, the videotape showed that Jones told Maloney at the outset of the interview, "First of all, let me explain to you that, you know because I know it's intimidating being in a police station talking to a police officer. Do you understand you are not in custody, and you understand that you're free to leave at any time?" Thus, the statement "he did not have to speak with him" was already implied by what Detective Jones told Maloney at the beginning of their interview. In any event, the issue of whether the confession was voluntary is a collateral matter ruled on before trial by the court; it was not an issue for the jury. Thus, it was not unreasonable for the circuit court to conclude that counsel was not deficient for choosing to not cross-examine Jones on these two points, and that Maloney has not shown that he was prejudiced by the choice to not raise these issues on cross-examination. Therefore, Maloney is not entitled to habeas relief on this claim.

## III.   CONCLUSION

For the reasons stated above, Maloney is not entitled to habeas relief on any of the grounds raised in the petition.

### A.    Evidentiary Hearing

The undersigned finds that an evidentiary hearing is not warranted.   In deciding whether to grant an evidentiary hearing, this Court must consider "whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schirra v. Landorian*, 550 U.S. 465, 474 (2007).  The pertinent facts are fully developed in the record or the record otherwise precludes habeas relief; therefore, the Court is able to "adequately assess [Petitioner's] claim[s] without further factual development," *Turner v. Crosby*, 339 F.3d 1247, 1275 (11th Cir. 2003), *cert. denied*, 541 U.S. 1034 (2004).

### B.    Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  28 U.S.C. § 2254 Rule 11(a).  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  28 U.S.C. § 2254 Rule 11(b).

After review of the record, the undersigned finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation

omitted). Therefore, it is also recommended that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1.      That the petition under 28 U.S.C. § 2254, challenging the conviction in *State v. Maloney*, 2012-CF-649, in the First Judicial Circuit, in and for Santa Rosa County, Florida, ECF Doc. 1, be DENIED without an evidentiary hearing.

2.      That a certificate of appealability be DENIED.

3.      That the clerk be directed to close the file.

At Pensacola, Florida, this 4th day of November, 2020.

*/s/ Hope Thai Cannon*

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting**

party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.